UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

TAMARA DALBEY, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

T.T.K.M., INC., a Florida Corporation,
d/b/a ARBY'S, and
THOMAS LUREAU, individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, TAMARA DALBEY (hereinafter referred to as "Plaintiff"), is an individual residing in Indian River County, Florida.

2. Defendant, T.T.K.M., INC., d/b/a ARBY'S, is a Florida Corporation that at all times material to this Complaint has, through THOMAS LUREAU, owned and operated one or more fast food restaurants including but not necessarily limited to the restaurant located at 1601 S. U.S. 1, Vero Beach, Florida 32960 in Indian River County, within the jurisdiction of this Court.

3. Defendant, THOMAS LUREAU, has at all times material to this Complaint owned and managed/operated T.T.K.M., INC. d/b/a ARBY'S and regularly exercised over employees over Plaintiff including but not limited to exercising the authority to hire and fire employees, determined the manner in which employees are compensated, determined the hours employees are required to work, set the rates of pay of employees, and controlled the finances and operations of T.T.K.M., INC. d/b/a ARBY'S. By virtue of such control and authority, THOMAS LUREAU is an employer of Plaintiff and the other similarly situated employees as defined by the FLSA, 29

1

U.S.C. §203(d).

4. Plaintiff brings this action on behalf of herself[1] and other current and former employees of T.T.K.M., INC. d/b/a ARBY'S and THOMAS LUREAU (collectively referred to as "Defendants") similarly situated to Plaintiff for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

5. More specifically, this action is brought to recover from Defendants unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other similarly situated employees of Defendants.

6. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

7. All of the events, or a substantial part of the events, giving rise to this action, occurred in Indian River County within the jurisdiction of the United States District Court for the Southern District of Florida, Fort Pierce Division.

8. During the three (3) year statute of limitations period between approximately March 2014 and February 2017, Plaintiff worked for Defendants as a non-exempt hourly restaurant employee at Defendants' ARBY'S restaurant located at 1601 S. U.S. 1, Vero Beach, Florida 32960, with primary duties that consisted of non-exempt tasks such as running the cashier, assisting customers with their orders, food preparation, cleaning and related duties through the restaurant.

9. At all times material to this Complaint including but not necessarily limited to during the years 2013, 2014, 2015, 2016, and 2017, Defendants, T.T.K.M., INC. and KJM18 GROUP CORP. d/b/a ARBY'S, have had two (2) or more employees who have regularly sold,

---

[1] Attached hereto is a signed Consent to Join from TAMARA DALBEY.

handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, Defendants, have employed two (2) or more employees who, *inter alia*, regularly handled and worked and/or sold goods and/or materials moved in or produced for commerce including but not limited to, by way of example: food and beverage products such as hamburgers, buns, potatoes, soda; commercial kitchen appliances and equipment such as broilers, fryers, refrigerators, and freezers; and and cleaning supplies such as soap and commercial cleaning products.

10. Based upon information and belief, the annual gross sales volume of Defendant, T.T.K.M., INC. d/b/a ARBY'S, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, 2016, and 2017.

11. At all times material to this Complaint including but not necessarily limited to during the years 2013, 2014, 2015, 2016, and 2017, Defendants, T.T.K.M., INC. d/b/a ARBY'S, has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

12. The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt restaurant employees, however variously titled, who have worked in one or more weeks between March 2014 and the present without being paid time and one-half wages for all of their hours worked in excess of Forty (40) hours per week for Defendants.

13. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more work weeks during her employment with Defendants during the three (3) year statute of limitations period between approximately March 2014 and February 2017.

14. However, Defendants failed to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and all other similarly situated non-exempt employees for Defendants for all of their actual overtime hours worked within the three (3) year statute of limitations period between March 2014 and the present.

15. More specifically, during the three (3) year statute of limitations period between approximately March 2014 and February 2017, Defendant paid Plaintiff based upon regular hourly rates that ranged between $9.00/hour and $10.25/hour but Defendants failed to pay Plaintiff time and one-half of her applicable regulary hourly rates for all of Plaintiff's actual hours worked in excess of Forty (40) hours per week, instead paying only straight-time wages for Plaintiff's overtime hours worked throughout the statute of limitations period.

16. Subject to discovery, based upon Plaintiff regularly working up to approximately Fifteen (15) overtime hours per week during numerous work weeks between March 2014 and February 2017 and being owed a total approximately Eight Hundred and Seventy (870) overtime hours from Defendant at half-time rates between $4.88/hour and $5.13/hour [$9.75/hour to $10.25/hour regular rates], Plaintiff's unpaid overtime wages total approximately $4,301.25.

17. Based upon information and belief, records of at least some of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and all other similarly situated non-exempt employees for Defendants between March 2014 and the present are in the possession, custody, and/or control of Defendants.

18. Based upon information and belief, Defendants have had knowledge of the hours worked each week by Plaintiff and the other similarly situated non-exempt employees for the benefit of Defendants between March 2014 and the present, but Defendants nonetheless willfully failed to pay time and one-half wages for all hours worked over Forty (40) hours per week as

4

required by the FLSA, as Defendants instead accepted the benefits of the work performed by Plaintiff and other similarly situated employees without the overtime compensation required by law.

**COUNT I**
**OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

19. Plaintiff, TAMARA DALBEY, readopts and realleges the allegations contained in Paragraphs 1 through 18 above.

20. Plaintiff is entitled to be paid time and one-half of her applicable regular rates of pay for each hour she worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately March 2014 and February 2017.

21. All similarly situated non-exempt employees, however variously titled, of Defendants are also entitled to be paid time and one-half wages for all of their hours worked in excess of Forty (40) hours per week for Defendants within the three (3) year statute of limitations period between March 2014 and the present.

22. Defendants have knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between March 2014 and the present.

23. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and the other similarly situated non-exempt employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between March 2014 and the present based upon, *inter alia*: (a) Defendants recording at least some of the start times, stop times, number of hours worked each

day, and total hours worked each week by Plaintiff and other non-exempt employees each week; and (b) Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees, however variously titled.

24. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

25. Defendants did not have a good faith basis for their failure to pay the overtime wages required by law for all of the actual hours worked by Plaintiff and Defendants' other non-exempt employees in excess of Forty (40) hours per week in numerous work weeks between March 2014 and the present, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages in an amount equal to their unpaid overtime wages from Defendants pursuant to 29 U.S.C. §216(b).

26. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

27. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, TAMARA DALBEY, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, T.T.K.M., INC., d/b/a ARBY'S, and THOMAS LUREAU, for the payment of all unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  March 13, 2017

Respectfully submitted,

By: **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail:  hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **T.T.K.M., Inc. and Thomas Lureau**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Tamara Dalbey*
Printed Name

*Tamara Dalbey*
Signature