**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 2:17-CV-14086-ROSENBERG/LYNCH**

TAMARA DALBEY, on behalf of herself
and others similarly situated,

      Plaintiff,

      v.

T.T.K.M., INC., a Florida Corporation,
d/b/a ARBY'S, and
THOMAS LUREAU, individually,

      Defendants.

_____/

**JOINT MOTION FOR SETTLEMENT APPROVAL**
**AND DISMISSAL WITH PREJUDICE**

      Plaintiff, TAMARA DALBEY, and Defendants, T.T.K.M., INC., d/b/a ARBY'S, and

THOMAS LUREAU, pursuant to the Court's March 31, 2017 Order of Court-Mandated

Requirements in FLSA-Based Cases [D.E. #6], hereby submit the parties' executed Settlement

Agreement for review and approval of the settlement in this case which includes claims arising

under the Fair Labor Standards Act (FLSA), and provide the following Joint Memorandum:

      1.      On March 13, 2017, Plaintiff filed her original Complaint seeking the recovery of

unpaid overtime wages under the Fair Labor Standards Act in connection with Plaintiff's

employment with Defendants between approximately March 2014 and February 2017.

      2.      As set forth in the Complaint, Plaintiff alleged that her primary duties for

Defendants as a restaurant employee at Defendants' ARBY'S restaurant located at 1601 S. U.S.

1, Vero Beach, Florida 32960 were non-exempt and consisted of non-exempt tasks such as

running the cashier, assisting customers with their orders, food preparation, cleaning and related

duties through the restaurant.  <u>See</u> D.E. #1, ¶ 8.

3.      On April 20, 2017, Plaintiff filed an Amended Complaint adding an additional count for alleged Tax Fraud pursuant to 26 U.S.C. §7434.  See D.E. #12, ¶28-33.

4.      On April 20, 2017, Plaintiff filed her Statement of Claim, D.E. #13. and set forth a good faith estimate of her alleged unpaid overtime wages totaling $4,301.25 based upon Plaintiff seeking the recovery of an average of approximately Fifteen (15) overtime hours per week during numerous work weeks between March 2014 and February 2017 for a total of approximately Eight Hundred and Seventy (870) overtime hours from Defendants at half-time rates between $4.88/hour and $5.13/hour [$9.75/hour to $10.25/hour regular rates].  As a result, Plaintiff estimated that her unpaid overtime wages totaled approximately $4,301.25.  In this regard, because Plaintiff's allegations in this case arose from Defendants paying straight-time wages—at rates between $9.00/hour and $10.25/hour—for Plaintiff's overtime hours worked, with part of Plaintiff's wages paid by Defendants in cash, the nature of the unpaid overtime wages Plaintiff sought were based upon half-time recovery.  Defendants dispute and deny Plaintiff's allegations.

5.      In addition to her FLSA claim, Plaintiff also sought recovery from Defendants of up to $5,000.00 plus fees and costs for an allegation violation of 26 U.S.C. §7434 for alleged tax fraud in connection with Defendants' issuance of W-2s for 2016 in the amount of  $10,875.23 in reported gross wages and/or 2015 in the amount of $4,279.19 in reported gross wages—which Plaintiff alleged constituted fraudulent information returns because Defendants knowingly failed to include all of the actual wages Defendants paid to Plaintiff.  See D.E. #13, FN1.  Defendants dispute and deny Plaintiff's allegations.

6.      On May 1, 2017, after arms-length settlement negotiations between Plaintiff and Defendants, the parties reached a compromise to resolve all of Plaintiff's underlying claims for

alleged unpaid wages and damages as well as Plaintiff's attorneys' fees and costs. Under the parties' settlement, Defendants have agreed to pay Plaintiff $7,500.00 in compromise consideration to resolve her claims for unpaid overtime wages, liquidated and all other damages. In this regard, while Defendants have disputed Plaintiff's claim that she ever worked 870 total hours of overtime, particularly in light of Plaintiff being only a part-time employee during 2014 and 2015, Defendants have agreed to pay Plaintiff directly a settlement sum which is more than the $4,301.25 in overtime wages Plaintiff herself calculated—solely in a good faith interest to avoid protracted litigation.

7.     Moreover, not only do Defendants deny any violations of the Fair Labor Standards Act alleged by Plaintiff, but Defendants similarly deny the cash wages Plaintiff has claimed, with it rather being the case that Defendants paid Plaintiff advances at times which then had to be recouped, such that there was no basis for Plaintiff's tax fraud allegations.  Similarly, because the business was sold, Defendants further disputed that enterprise coverage exists while also maintaining that the individual Defendant, MR. LUREAU, could not appropriately be sued in his personal capacity merely because he previously owned the restaurant.

8.     Next, the parties' settlement conclusively resolve Plaintiff's claims for attorneys' fees and costs, with Defendants having agreed to pay $725.00 for cost reimbursements and $5,775.00 for attorneys' fees in satisfaction all of Plaintiff's fees.

9.     Pursuant to the Court's Settlement Approval requirements and Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect.  Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982).   As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.

> First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

10.     More specifically, pursuant to Lynn's Food, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.   In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)     the existence of fraud or collusion behind the settlement:
(2)     the complexity, expense, and likely duration of the litigation;
(3)     the stage of the proceedings and the amount of discovery completed;
(4)     the probability of plaintiff's success on the merits:
(5)     the range of possible recovery; and
(6)     the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

11.     At all times throughout this case, Plaintiff and Defendants have each been represented by experienced counsel in the prosecution and defense of wage & hour claims and both Plaintiff and Defendants took into account the uncertainty and risks along with the

4

additional time that would be expended and fees incurred if the litigation had continued litigation, such that the parties respectfully submit there was sufficient investigation and review of time and compensation records to enable Plaintiff's Counsel and Defendants' to make recommendations and confer with their clients in order to achieve a resolution in this case.

12.     The compromise agreed upon in Section 3(A) of the parties' Settlement Agreement for Plaintiff's attorneys' fees and costs was separate and distinct from the underlying resolution of Plaintiff's claims for alleged unpaid wages and damages.  As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.  See, e.g., Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009).  In the instant case, Defendants have agreed to pay $5,775.00 to resolve all of Plaintiff's claims for attorneys' fees, along with $725.00 for out-of-pocket costs incurred in the filing fee, service of process costs, and corporate research.  The total attorneys' fee time incurred on behalf of Plaintiff as reflected in the contemporaneous PC Law Pro billing records of Plaintiff's Counsel attached hereto is approximately $6,917.50, including 17.70 hours of lead counsel Keith M. Stern, Esquire at the rate of $375.00/hour[1] ($6,637.50), and 1.60 hours of Hazel Solis Rojas,

---

[1] Plaintiff's lead counsel has received settlement approvals in FLSA cases throughout Florida and across the United States involving the same or comparable billing rates, including by way of example: (i) Pettinga v. Johnson, Case No. 16-81841-CIV-MARRA (S.D. Fla. Mar. 14, 2017 Order of Dismissal, D.E. #17, case wherein rate was $375.00/hour; (ii) Reyes v. AA&A Fast Construction, Case No. 16-82009-CIV-ROSENBERG (S.D. Fla. Feb. 27, 2017 Final Order of Dismissal With Prejudice, D.E. #17, case wherein rate was $375.00/hour; (iii) Curry v. NNS Trading Inc. et al. Case No. 16-24279-CIV-SCOLA (S.D. Fla. December 1, 2016 Order of Dismissal, D.E. #13, rate was $375.00/hour); (iv) Semiglia v. Sharff, Wittmer, Kurtz, Jackson & Diaz, P.A., Case No. 16-20617-CIV-GOODMAN (S.D. Fla. Sept. 23, 2016 Order of Dismissal, D.E. #37, rate was $375.00/hour); (v) Dadon v. GB Instruments, Inc., Case No. 16-60889-CIV-UNGARO (S.D. Fla. Sept. 19, 2016 Order of Dismissal, D.E. #19, rate

Esquire at the rate of $175.00/hour ($280.00). The parties' Agreement resolves all claims for attorneys' fees and costs in their entirety without any out-of-pocket responsibility by Plaintiff.

13.     Finally, the parties' Settlement Agreement <u>does not</u> contain a confidentiality clause and the Agreement itself is being filed in the public record.

WHEREFORE, Plaintiff, TAMARA DALBEY, and Defendants, T.T.K.M., INC., d/b/a ARBY'S, and THOMAS LUREAU, respectfully request the Court approve their Settlement Agreement, dismiss this action with prejudice, and retain jurisdiction for Sixty (60) days from the date of approval to enforce the terms of the parties' Settlement.

Respectfully submitted this 12th day of May, 2017.

<table>
<tr><td>By: <u>/s/ Keith M. Stern</u></td><td>By: <u>/s/ Jason L. Odom</u></td></tr>
<tr><td>Keith M. Stern, Esquire</td><td>Jason L. Odom. Esquire</td></tr>
<tr><td>Florida Bar No. 321000</td><td>Florida Bar No. 0476950</td></tr>
<tr><td>E-mail: employlaw@keithstern.com</td><td>GOULD COOKSEY FENNELL</td></tr>
<tr><td>Hazel Solis Rojas, Esquire</td><td>979 Beachland Blvd</td></tr>
<tr><td>Florida Bar No. 91663</td><td>Vero Beach, Florida 32963</td></tr>
<tr><td>E-mail: hsolis@workingforyou.com</td><td>Telephone: (772) 231-1100</td></tr>
<tr><td>Law Office of Keith M. Stern, P.A.</td><td>E-mail: Jlo-eservice@gouldcooksey.com</td></tr>
<tr><td>14 NE 1st Avenue, Suite 800</td><td>Attorneys for Defendants</td></tr>
<tr><td>Miami, Florida 33132</td><td></td></tr>
<tr><td>Telephone: (305) 901-1379</td><td></td></tr>
<tr><td>Attorneys for Plaintiff</td><td></td></tr>
</table>

—————————————— (cont.)

was $375.00/hour); (vi) <u>Goodwin v. Dollar Tree Stores, Inc.</u>, Case No. 16-60214-CIV-ZLOCH (S.D. Fla. Jul. 25, 2016 Order of Dismissal, D.E. #28, rate was $375.00/hour); (vii) <u>Lula v. Patricia Cook</u>, Case No. 15-81617-CIV-ROSENBERG/HOPKINS (S.D. Fla. April 11, 2016 Order of Dismissal, D.E. #19, wherein Mr. Stern's applicable rate was $375.00/hour); (viii) <u>Tighe v. Douglas Orr Plumbing et al.</u>, Case No. 15-23995-CIV-COOKE/TORRES (S.D. Fla. Mar. 30, 2016 Order of Dismissal, D.E. #31, wherein Mr. Stern's applicable rate was $375.00/hour); (ix) <u>Whiteman v. Lean Culinary Services, LLC et al.</u>, Case No. 15-81407-CIV-ZLOCH (S.D. Fla. Jan. 22, 2016 Order of Dismissal, D.E. #27, wherein Plaintiff's Counsel's billing rate was $375/hour; (x) <u>Brown v. Akam On Site, Inc. et al.</u>, Case No. 15-22771-CIV-LENARD/GOODMAN (S.D. Fla. Oct. 29, 2015 Order Approving Settlement, D.E. #24, after review of Plaintiff's Counsel's billing records at rate of $375/hour); (xi) <u>Tabor et al. v. Audio Visual Services Group, Inc.</u>, (M.D. Tenn. Oct. 21, 2015 Order of Dismissal, D.E. #105, Approving Settlement following Fairness Hearing wherein Keith M. Stern, Esq.'s rate was $425/hour; (xii) <u>Puglisi et al. v. TD Bank</u>, Case No. 13 Civ 637 (GRB) (E.D.N.Y. July 30, 2015 Order Approving Class Settlement and Class Counsel's Attorneys' Fees, D.E. #98, wherein Keith M. Stern, Esq.'s rate was $450/hour; (xiii) <u>Dubois v. Atlantic Harbor Seawalls, Inc. et al.</u>, Case No. 15-60363-CIV-COHN/SELTZER (S.D. Fla. May 14, 2015 Order Approving Settlement Case, D.E. #26, wherein Plaintiff's Counsel's billing rate was $375/hour).